IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RONALD BERDELL, ) | |
| ) | |
| Plaintiff, ) | Case No. 21 C 3282 |
| ) | |
| v. ) | Magistrate Judge Jeffrey T. Gilbert |
| ) | |
| VELOCITY INVESTMENTS, L.L.C. ) | |
| and MANDARICH LAW GROUP, LLP, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Respondents' Motion to Quash Third-Party Subpoenas, for Protective Order and for Sanctions [30] is denied for the reasons outlined well in Defendant Mandarich Law Group's Response in Opposition to Third-Parties' Joint Motion to Quash, for Protective Order & for Sanctions [32]. In addition, the Shelton factors, upon which Respondents rely heavily in their briefs [30][36], do not prescribe the wholesale denial of Defendant's Motion [30] as Respondents argue they do. There are no other effective means or methods for Defendant to obtain the information it is seeking from Respondents other than by subpoena and deposition; the information sought is relevant and not privileged; and the information is important to Defendant's preparation of its defense. *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986).

The Court agrees with Defendant that Plaintiff has made Respondents, who are not parties to or counsel of record in this case but represented Plaintiff in related state court litigation, witnesses in his case. *See, e.g.*, First Amended Complaint [39], at ¶ 80 ("Plaintiff's counsel repeatedly informed Defendants that Plaintiff's wages were being wrongfully garnished and needed to be returned on and after March 16, 2021, but garnishment continued to June of 2021, and Mandarich did not return Plaintiff's funds in full until January of 2022."); ¶ 117 ("Plaintiff, through his counsel, repeatedly requested of Mandarich to cease deduction of money from Plaintiff's wages, which Mandarich refused to do."). *See also* Plaintiff's Amended and Supplemental Responses to Defendant's First Set of Discovery Requests, attached to Defendant's Motion [30] as Exhibit C, at pp. 24-25 (identifying Respondents as people

"likely to have discoverable information relevant to the facts alleged with particularity in the pleadings" and specifically as to their "communications with Defendants in the State Action").

Respondents argue nevertheless that the discovery record to date does not justify Defendant's inquiry of Respondents, and they have no more information to provide other than what already has been provided by Plaintiff and is discoverable from other third parties. But Defendant does not have to take Respondents' word for that. Defendant says it wants to further develop the record by inquiring into matters that are relevant and proportional to the needs of this case such as Respondents alleged oral or written communications with Defendant (or the absence of same), whether (or not) they communicated with Plaintiff's employer about the garnishment of Plaintiff's wages, refunds said to have been tendered to Plaintiff care of Respondents, and other non-privileged matters. *See* Response [32] at 6-8. That some documents already may have been produced by others about these matters, or that Plaintiff already has responded to discovery about them, or that other parties or third parties also may have relevant information, does not preclude Defendant from inquiring of Respondents by subpoena or by deposition in this case in which Plaintiff has pled and said under oath in responses to interrogatories that they have relevant and discoverable information.

Respondents argue specifically that Defendant should not be allowed to inquire of Respondents about communications they may have had with his employer regarding the garnishment of his wages. Respondents point to Plaintiff's amended response to an interrogatory that Respondents characterize as saying that no such communications occurred. *See* Motion to Quash [30], at 2, citing Ex. C, Plaintiff's Amended Response to Interrogatory No. 4, at p. 27. Plaintiff's response to the interrogatory, though, is qualified by his "information and belief." [Id.]. In the Court's view, that does not completely foreclose Defendant from inquiring further of Respondents on that subject which may be relevant to Defendant's mitigation defense.

This is not a situation in which Respondents are litigation counsel for Plaintiff in this case, an area where courts have exercised extra scrutiny. Respondents are third party witnesses and Plaintiff has disclosed them as such in his responses to Defendant's interrogatories. See Respondents' Motion [30], Ex. C, at 24-25 (Plaintiff's Amended Response to Interrogatory No. 1). If "there is no there, there" as Respondents argue, then the depositions will be relatively short and document production pursuant to the subpoena limited. Plaintiff or Respondents can object if questions stray into privileged areas, and Plaintiff also can choose to waive a privilege if he wants to do so. Simply put, Defendant has satisfied the Court that the information it is seeking from Respondents is relevant, not privileged, not effectively

2

obtainable in another less burdensome way, and the subpoenas are not unduly burdensome given the way Defendant has limited their scope and the topics it wants to cover with Respondents under oath.[1]

Therefore, in its discretion, the Court finds that Respondents have not met their burden to quash the subpoenas or for a protective order on this record. The Court notes parenthetically that it is not clear that Respondent Finko has been served with a subpoena, but he is nevertheless a movant on Respondents' Motion [30]. For all the reasons set forth in this order, Respondents' Motion [30] is denied. Defendant's and Respondents' requests for attorneys' fees also are denied. This was a legitimate dispute and, in the Court's view, an award of fees to either side would be unjust.

It is so ordered.

Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 11, 2022

---

[1] Defendant says it is not seeking information covered by the attorney client privilege or work product doctrine from Respondents. Respondents argue that one of the reasons the subpoenas should be quashed is that it would be unduly burdensome for Respondents to produce a privilege log. The Court sees no reason why Respondents need to produce a privilege log given that Defendant have limited their request for information and inquiry to information not covered by the attorney client privilege or work product doctrine.